UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

BRANDON B. DREWRY,           )
                             )
    Petitioner,            )
                             )
v.                           )          1:14-mc-00187-JAW
                             )
STATE OF MAINE,              )
                             )
    Respondent             )

**RECOMMENDED DECISION**

Petitioner Brandon B. Drewry has filed a motion seeking an enlargement of time within which to file a petition pursuant to 28 U.S.C. § 2254. (Motion, ECF No. 1.) As explained below, the recommendation is that the motion be denied because the Court lacks jurisdiction to grant the motion.

While the First Circuit apparently has not addressed the issue of whether the Court has jurisdiction to grant a motion to enlarge the time to file a habeas petition when no petition has been filed, the Second Circuit has addressed the issue in the context of a motion to enlarge the time to file a petition under 28 U.S.C. § 2255. *See Green v. United States*, 260 F.3d 78, 82-83 (2d Cir. 2001). In *Green*, the Court determined that "a district court may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension upon or after filing an actual section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period." The Court reasoned, "[p]rior to an actual filing [of a section 2255 motion], 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.'" *Id*. at 82 (quoting *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000)). Other courts have reached a similar conclusion. *See Swichkow*

*v. United States*, 565 F. App'x 840, 844 (11th Cir. 2014); *United States v. Gonzalez*, No. 05-137-06, 2010 WL 2365666, at *1, 2010 U.S. Dist. Lexis 65952, at 1-3 (D. R.I. June 8, 2010); *United States v. Miller*, No. 06-CR-20080, 2008 WL 4541418, at *1-2, 2008 U.S. Dist. Lexis 80552, at *1-4 (C.D.Ill. Oct. 9, 2008).

The reasoning of the Second Circuit is sound, and equally applicable to a request for relief under section 2254. That is, absent the filing of a habeas petition, or the inclusion of grounds for substantive habeas relief in the motion to enlarge the time to file the petition, the Court is without jurisdiction to grant the moving party an enlargement of time to file a section 2254 petition. *See Green*, 260 F.3d at 83. Here, Petitioner asserts that poor medical care in prison and limited access to the prison library and computers have prevented him from filing his habeas petition.[1] However, Petitioner does not allege any substantive ground for habeas relief pursuant to 28 U.S.C. § 2254 or otherwise meet the requirements for a section 2254 petition.[2] Because no petition has been filed,

---

[1] Petitioner's statements concerning his medical care and limited access to the prison library and computers are not interpreted here as independent claims, but rather they are interpreted solely as reasons why he has not yet been able to file a section 2254 petition. (Motion at 12.) Petitioner states that he has an action pending in state court regarding access to the courts, and that he intends to bring three additional civil actions. (Letter, ECF No. 1-1.) Petitioner represents that among the cases he may file is a complaint pursuant to 42 U.S.C. § 1983. (Motion at 11.) Petitioner's assertions reflect that Petitioner understands that the pending motion is not a complaint.

[2] The Supreme Court has noted that "'Congress . . . has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement . . . .'" *Wallace v. Kato*, 549 U.S. 384, 392 (2007) (quoting *Heck v. Humphrey*, 512 U.S. 477, 482 (1994)) (quotation marks omitted). The habeas statute states that the Court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254, and, in particular, the limitations set forth in section 2254(d), "governs the standards by which [the federal courts] review collateral attacks on state-court convictions." *Scoggins v. Hall*, No. 12-2338, --- F.3d ---, ---, 2014 WL 4197942, at *3, 2014 U.S. App. Lexis 16433, at *8-9 (1st Cir. Aug. 26, 2014). The one-year statute of limitations for section 2254 petitions is set forth in 28 U.S.C. § 2244(d)(1). A form section 2254 petition and accompanying instructions are available from the Clerk of the Court. The provision of this information or the form upon request should not be interpreted as any sort of statement by the Court about the merits, timeliness, or other aspect of any claim.

no case or controversy is pending before the Court. Accordingly, the Court lacks jurisdiction to consider the motion.[3]

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court deny Petitioner's motion for enlargement of time to file a habeas petition (ECF No. 1). The recommendation is also that the Court dismiss as moot Petitioner's motion for copies, typewriter, laptop, ipad and printer (ECF No. 2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 18th day of September, 2014.

---

[3] To the extent that Petitioner's motion also contains a request for representation by counsel, it is recommended that that request also be denied as there is no substantive matter pending before the Court.